UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| v. | CRIMINAL NO. 1:17-CR-00226 |
| ERNEST KYLE DYER, | (SAPORITO, J.) |
| Defendant. | |

MEMORANDUM

On May 17, 2021, defendant Ernest Kyle Dyer pled guilty to one count of Possession of a Firearm by a Convicted Felon in violation of 18 U.S.C. § 922(g)(1). (Doc. 203). On October 28, 2021, this court[1] sentenced Dyer to 110 months imprisonment and three years of supervised release (Doc. 234). Presently before the court is Dyer's *pro se* motion for a reduction in sentence pursuant to (1) 18 U.S.C. § 3582(c)(2) based on the retroactive application of Amendment 821 to the United States Sentencing Guidelines; (2) the start date of his federal detainer; (3) the Double Jeopardy Clause of the Fifth Amendment; and (4) the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194. (Doc. 249). The government opposes the motion. (Doc. 255). For the reasons described

---

[1] This case was transferred to the undersigned from the Honorable Sylvia H. Rambo (Ret.) on September 3, 2024.

below, the motion will be denied.

I. Background

On July 7, 2017, the government filed a criminal complaint charging Dyer with one count of Possession of a Firearm by a Convicted Felon in violation of 18 U.S.C. § 922(g)(1). (Doc. 1). He was indicted for the same offense on July 26, 2017. (Doc. 13). On March 14, 2018, the government charged Dyer with four counts in a five-count superseding indictment, including Possession of a Firearm by a Convicted Felon in violation of 18 U.S.C. § 922(g)(1) (Count I); Possession of a Firearm in Furtherance of Drug Trafficking in violation of 18 U.S.C. § 924(c)(1)(A) (Count II); Conspiracy to Distribute and Possess With Intent to Distribute Pentylone in violation of 21 U.S.C. § 846 (Count III); and Distribution and Possession With the Intent to Distribute a Controlled Substance in violation of 21 U.S.C. § 841(a)(1) (Count IV). (Doc. 32).

After initially pleading not guilty to the charged offenses, and after substantial pre-trial motion practice concerning two searches of his home, Dyer accepted an agreement[2] to plead guilty to Count I of the

---

[2] In the plea agreement, Dyer waived his right to appeal the conviction and sentence but reserved his right to appeal this court's order
*(continued on next page)*

superseding indictment on May 17, 2021. (Docs. 51, 196, 202-03). The presentence investigation found that Dyer had sixteen criminal history reports based on eight prior convictions. (Doc. 214 ¶¶ 40, 41, 46-48, 51-53). A further two points were added because Dyer committed the offense while on supervision, bringing his total criminal history score to eighteen. (*Id.* ¶¶ 55-56). With eighteen criminal history points, Dyer was in criminal history category VI. (*Id.* ¶ 56). Further, pursuant to U.S.S.G. § 1B1.11, the presentence investigation determined that Dyer had a total offense level of twenty-five, rendering a guideline range of 110 to 120 months imprisonment. (*Id.* ¶¶ 34, 84). On October 28, 2021, this court sentenced him to 110 months imprisonment, three years of supervised release, a $900.00 fine, and a $100.00 special assessment. (Doc. 234).

Dyer now moves for a reduction of his sentence on several grounds. The motion is fully briefed and ripe for disposition.

## II. Discussion

Dyer first moves for a reduction in sentence pursuant to 18 U.S.C. § 3582(c)(2) based on the retroactive application of Amendment 821 to

---

granting in part and denying in part his motion to suppress evidence. (Docs. 153-54, 196). The order was affirmed in a precedential Third Circuit decision, *United States v. Dyer*, 54 F.4th 155 (3d Cir. 2022).

the United States Sentencing Guidelines (the "Guidelines"). (Doc. 249). Under Section 3582(c)(2), a "court may not modify a term of imprisonment once it has been imposed except that . . . in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." Pursuant to its authority under Section 3582(c)(2), the Sentencing Commission may determine whether amendments to the Guidelines apply retroactively. *See* 18 U.S.C. § 3582(c)(2). Amendment 821 is one such amendment that the Commission has determined to have retroactive application. U.S.S.G. § 1B1.10(d) (noting Amendment 821 (parts A and B, subpart 1 only and subject to subsection (e)(2)) are retroactively applicable).[3] Further, a reduction in sentence is not consistent with the Sentencing Commission's policy statement and a court cannot reduce a defendant's sentence under

---

[3] *See generally* U.S.S.G. app. C, Amendment 821 (Nov. 1, 2023), https://guidelines.ussc.gov/apex/r/ussc_apex/guidelinesapp/appendixc-detail?app_amend_id=821 [https://perma.cc/C65Z-2PKD].

18 U.S.C. § 3582(c)(2) if "an amendment listed in subsection (d) does not have the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10(a)(2)(B).

Amendment 821 altered the application of the Guidelines to certain offenders who either (a) earned criminal history status points based on the commission of an offense while serving a criminal justice sentence or (b) had zero criminal history points at the time of sentencing. As relevant here, Part A of Amendment 821 changed how status points (criminal history points) are calculated under the Guidelines. Prior to Amendment 821, a defendant like Dyer who committed an offense while serving a criminal justice sentence, *i.e.,* on probation or parole supervision, received two criminal history points. U.S.S.G. § 4A1.1. With Part A to Amendment 821, U.S.S.G § 4A1.1 applies no criminal history points for those defendants who otherwise have six or fewer criminal history points and applies only one criminal history point to those defendants who have seven or more. U.S.S.G. § 4A1.1.

Here, Dyer, who had more than seven criminal history points at the time of his sentencing, would receive only one additional criminal history point, for a total of seventeen criminal history points. His criminal history

category, however, remains category VI and his Guidelines range remains 110 to 120 months. Thus, according to Section 1B1.10(a)(2)(B), the court cannot reduce his sentence because Amendment 821 "does not have the effect of lowering the defendant's applicable guideline range." Accordingly, the court cannot reduce Dyer's sentence under 18 U.S.C. § 3582(c)(2).

Next, Dyer moves "For Start Date of Federal Detainer." (Doc. 249). Dyer provides the court with dates relevant to his pre-conviction criminal detention and cites to Article VI, Clause 2 of the United States Constitution, the Supremacy Clause, but does not otherwise elaborate on the legal basis for the relief he seeks. (*Id.* at 2). In its opposition brief, the government opines that Dyer may be attempting to challenge the computation of time credit towards his sentence. (Doc. 255, at 7). Indeed, Dyer's filing includes requests he made to the Bureau of Prisons seeking time credit for other convictions, and as the government correctly points out, it is the Bureau of Prisons, not district courts, that have the authority to credit time towards a sentence. *See* Doc. 255, at 7-8; *see also Blood v. Bledsoe*, 648 F.3d 203, 206 (3d Cir. 2011) ("[D]istrict courts have no authority to credit time toward a sentence under § 3585(b)—that

function rests in the sole authority of the BOP."). Thus, without further legal basis for relief, the court cannot reduce Dyer's sentence based on the start date of his federal detainer and the computation of time credits towards his sentence.

Next, Dyer moves to reduce his sentence based on the Double Jeopardy Clause. (Doc. 249, at 3). As with his previous argument, Dyer does not elaborate on the legal basis for the relief he seeks, though it is evident from the information provided, which includes two criminal docket numbers from York County, that he believes his federal prosecution violates the Double Jeopardy Clause of the Fifth Amendment because of a purported overlap with these state prosecutions. (*Id.* at 3).

The court notes that Dyer's presentence investigation report indicates that on December 21, 2016, Dyer was arrested for False Identification to Law Enforcement, Operating Vehicle Without a License, and Driving Under Suspension, with a partial docket number matching that of one he provides in his motion. (Doc. 214 ¶ 52; Doc. 249, at 3). There is no apparent overlap between these state law criminal offenses and the federal criminal offense, Possession of a Firearm by a Convicted Felon, 18 U.S.C. § 922(g)(1), to which he pleaded guilty, and thus, no double

jeopardy issue.

The presentence investigation report further notes that on July 7, 2017, he was arrested for and charged with, among other things, Felon in Possession of a Firearm in York County under docket number 4734-2017, which matches the second docket number provided in Dyer's motion. (Doc. 214 ¶ 59; Doc. 249, at 3). This overlap in offenses does not save Dyer, however, because the Double Jeopardy Clause does not prevent the state and federal governments—each a separate sovereign—from prosecuting an individual for the same conduct. *See Gamble v. United States*, 587 U.S. 678, 681 (2019) ("We have long held that a crime under one sovereign's law is not 'the same offence' as a crime under the laws of another sovereign."). Accordingly, the court will not reduce Dyer's sentence on the ground of double jeopardy.

Lastly, Dyer requests relief under the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194. Dyer references several of the legislative purposes of the First Step Act in his motion, but he provides no argument as to how it would apply to reduce his sentence, and it is not obvious to the court that Dyer can benefit from any of its provisions. Among the sentencing reforms included in the First Step Act, Section 401 reduces

and restricts enhanced penalties for prior drug felonies, Section 402 broadens the safety valve provision of 18 U.S.C. § 3553(f), which allows a court to impose a sentence below the statutory minimum for certain offenders with few criminal history points, Section 403 clarifies the statutory language of 18 U.S.C. § 924(c)(1)(C), which imposes a 25-year mandatory recidivist penalty, and Section 404 makes retroactive the Fair Sentencing Act of 2010, which reduced the sentencing disparity between crack and powdered cocaine. §§ 401-04, 132 Stat. 5194.  But Dyer did not receive an enhancement for prior drug felonies, he is not eligible for the safety valve provision on account of his criminal history score, he was not subject to the Section 924(c)(1)(C) recidivist penalty, and he was not convicted or sentenced for an offense involving crack cocaine. (*See* Doc. 214; Doc. 234). The only discernable basis for relief is in the First Step Act's expansion of good time credit, from forty-seven days to fifty-four days per year, calculated by the Bureau of Prisons at the beginning of each year. § 102(b)(1), 132 Stat. 5194. However, the computation and application of these good time credits is under the authority of the Bureau of Prisons, not district courts. 18 U.S.C. § 3624. Accordingly, the court cannot reduce Dyer's sentence under the First Step Act of 2018.

## III.  Conclusion

Based on the foregoing, Dyer has not stated a legal basis to reduce his sentence. Thus, his motion will be denied. An appropriate order follows.

Dated: September 16, 2024          *s/Joseph F. Saporito, Jr.*
                                   JOSEPH F. SAPORITO, JR.
                                   United States District Judge